Núm. 7290.—RAMÍREZ DE ARELLANO, ET AL., apltes. *v.* RAMÍREZ DE ARELLANO Y ROSELL, apldo.—C. D. Ponce. ▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Junio 1, 1938.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

POR CUANTO, la corte de distrito después de declarar con lugar en su totalidad todas y cada una de ciertas excepciones previas interpuestas a la demanda enmendada, dictó sentencia declarando sin lugar la demanda y condenando a los demandantes al pago de las costas, desembolsos y honorarios de abogados de la parte demandada.

POR CUANTO, las excepciones octava y novena rezan como sigue:

"8. Que la demanda enmendada en este caso radicada, en cuanto por ella los actores pretenden reivindicar condominios en el fundo deslindado en su alegación tercera (primera causa) y también, por ende, en lo que respecta a la reclamación derivada por frutos *(segunda supuesta causa)* no aduce hechos bastantes para determinar causa de acción, por resultar de la misma *que el demandado tiene adquirido,* a virtud de la prescripción adquisitiva extraordinaria, el *dominio* de dicho inmueble con arreglo a los Arts. 1932, 1959 y 1960 del Código Civil Español—1833, 1860 y 1861 del Civil Revisado (Arts. 1832, 1859 y 1860 del Código Civil ed. 1930) y art. 40 del vigente Código de Enjuiciamiento Civil, en razón a que la parte actora alega y reconoce en su demanda que el demandado y sus antecesores en título han venido *poseyendo* como dueños, pública, pacífica e ininterrumpidamente, la referida finca *por más de 37 años,* o sea; don Gustavo Ramírez de Arellano y Lugo, desde julio 4, 1896, en que le fuera transmitido el dominio de dicho inmueble por escritura pública que fué inscrita en el Registro (Demanda enmendada, hecho 14;) don José A. Quintín Gustavo Ramírez de Arellano, desde antes de enero 22, 1902, en que adquirió la predicha finca como único y universal heredero del mencionado anterior dueño (Demanda enmendada, hechos 16 y 17) y el demandado en el caso de epígrafe desde los años 1902 y 1916, en que hubo el citado fundo, en unión de don Adolfo Ramírez de Arellano, a quien heredó su hija doña Camila Ramírez en lo concerniente a un condominio de $15,000 en el valor fijado entonces al inmueble (demanda enmendada, hechos 14, 16, 17, 19 y 20.)

"9. Que la demanda enmendada de los actores, por lo que hace a la acción reivindicatoria que se pretende ejercitar (primera alegada causa) y, por tanto, en lo relativo a la reclamación accesoria por frutos (segunda causa) no aduce hechos suficientes para constituir causa de acción, por resultar de su faz *prescrita* y extinguida por ministerio de *la ley* dicha acción reivindicatoria de acuerdo con

los arts. 1932 y 1963 del Código Civil español, arts. 1833 y 1864 del Código Civil Revisado (arts. 1832 y 1863, Codigo Civil, ed. 1930) y artículo 40 del actual Código de Enjuiciamiento Civil, debido a que en la demanda se reconoce que *han transcurrido más* de 37 años hasta la iniciación del presente litigio y desde que en julio 4, 1896 (Demanda enmendada, hecho 14) perdieron la posesión los demandantes y pudieron haber ejercitado la acción ahora impugnada.''

POR CUANTO, de la exposición del caso resulta que ''el presente pleito se inició mediante demanda radicada el 28 de junio de 1934''.

POR CUANTO, los demás hechos especificados en las excepciones octava y novena (en tanto en cuanto afectan la cuestión de prescripción extraordinaria) constan con toda claridad de la demanda enmendada y están reconocidos por los apelantes en su alegato, sin que exista controversia o duda alguna en cuanto a los mismos, siendo la teoría de la demanda enmendada y de los apelantes en su alegato, la de que un auto judicial expedido en 1896 y un supuesto traspaso autorizado por dicho auto e intentado de acuerdo con el mismo, fueron inexistentes por tratarse de bienes de menores sin haberse obtenido la previa autorización judicial y por otros motivos, en relación con la teoría de que el artículo 1833 del Código Civil ha sido derogado por el artículo 40 del Código de Enjuiciamiento Civil.

POR CUANTO, según el artículo 1833: ''Los derechos y acciones se extinguen por la prescripción en perjuicio de toda clase de personas, inclusas las jurídicas, en los términos prevenidos por la ley'',—mientras que el artículo 40 dice (bastardillas nuestras):

''Si la persona con derecho a ejercitar una acción, *que no sea* la reivindicatoria de propiedad inmueble, fuese al tiempo de nacer la causa de la acción:
''1. Menor de edad; . . . . .''

POR CUANTO, la presente acción es una acción ''reivindicatoria de propiedad inmueble.''

POR CUANTO, los señalamientos noveno hasta duodécimo inclusive son:

''IX. Fué error del tribunal *a quo* sostener la octava excepción previa, decidiendo que el demandado adquirió el dominio de las mencionadas participaciones por prescripción extraordinaria, de treinta años o más, durante los cuales el dedandado y las personas que le transmitieron sus derechos poseyeron el inmueble.

''X. Se imputa a la corte sentenciadora el error de estimar la novena excepción previa, resolviendo que la acción reivindicatoria había prescrito con arreglo a los preceptos del Código Civil que cita esa excepción y al del artículo 40 del actual Código de Enjuiciamiento Civil.

''XI. La corte de distrito erró al dictar sentencia contra los actores y desestimar la demanda enmendada.

''XII. El tribunal del que procede este litigio actuó erróneamente al imponer a los demandantes el pago de costas y honorarios de abogados.''

Por cuanto, al declarar sin lugar una moción sobre desestimación de la presente apelación como frívola, en nuestra resolución de julio 31, 1937, dijimos:

''Vista la moción que antecede con la asistencia de ambas partes, examinados los alegatos en pro y en contra, y por dudosas que sean las cuestiones fundamentales sobre prescripción y a pesar de la fuerza del argumento del apelado sobre este extremo, no apareciendo tan claramente frívolas estas cuestiones y especialmente no apareciendo tan claramente frívola la cuestión suscitada por el apelante sobre error en la imposición de costas que justifique una desestimación de la presente apelación sin un estudio más detenido de los posibles méritos de la misma, no ha lugar a la desestimación solicitada.''

Por cuanto, tal conclusión nos releva de la necesidad de expresar una opinión sobre las cuestiones suscitadas por los apelantes por otros supuestos errores señalados en el alegato.

Por tanto, *se confirma* la sentencia apelada que dictó la Corte de Distrito de Ponce en septiembre 4, 1935.

El Juez Presidente Señor Del Toro no intervino.